UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DERRICK CORDELL SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 3:07 CV 0368 |
| | ) |
| ROY DOMINGUEZ, *et al.*, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Derrick Smith, a prisoner currently confined at the Porter County Jail, filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Custody Officers Jeffrey Stozek, A. Rodriguez, Mark Collins, and Pedro Elizondo used excessive and unnecessary force against him while he was confined at the Lake County Jail. He also names Lake County Sheriff Roy Dominguez as a defendant. Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

> In order to state a cause of action under 42 U.S.C. § 1983, . . . the plaintiff must allege that some person has deprived him of a federal right [and] . . . he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to

> relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy RULE 8's notice pleading minimum and RULE 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a RULE 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, ___ U.S. ___, ___; 127 S.Ct. 1955, 1964-65 (2007) (quotation marks, ellipsis, citations and footnote omitted).

> While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant set out in detail the facts upon which he bases his claim, RULE 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

*Id.* at n.3 (quotation marks and citation omitted). Furthermore, "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1965, (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (quotation marks omitted).

According to the complaint, on August 11, 2006, Mr. Smith was apprehended during an escape attempt. He alleges that "after being subdued [and] handcuffed with

2

my hands behind my back . . . Officer Pedro Elzindo beat me relentless in my face with his fist . . . ." (Complaint at p. 3). He also alleges that Officers Stozek, Collins, and Rodriguez beat him with their fists and feet, causing injuries that required multiple stitches.

Mr. Smith seeks only damages. Section 1983 creates a cause of action for damages based on personal liability; a plaintiff must show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir. 1986); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). A person cannot be held liable for damages under § 1983 unless the person was personally involved in the alleged wrongdoing. A plaintiff must allege facts showing the defendant's participation or direct responsibility for the conditions of which he complains, *Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996), by demonstrating a causal link between the defendant's conduct and the plaintiff's injury. *Benson v. Cady*, 761 F.2d 335, 339 (7th Cir. 1985). The doctrine of *respondeat superior*, under which a supervisor may be held liable for an employee's actions, has no application to § 1983 actions. *Moore v. Indiana*, 999 F.2d 1125, 1129 (7th Cir. 1993).

Mr. Smith does not allege that Sheriff Dominguez was personally involved in the use of force against him or that he was present when the incident occurred. The sheriff is a supervisor of the officers Mr. Smith alleges used excessive force, but Mr. Smith may not rely on the doctrine of *respondeat superior* to name him as a defendant. *Moore v. Indiana*, 999 F.2d at 1129.

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged

application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). The Fourteenth Amendment's Due Process Clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's Cruel and Unusual Punishments Clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979); *Robinson v. Moses*, 644 F. Supp. 975, 979 (N.D. Ind. 1986).

Because Mr. Smith was a pretrial detainee when he was at the Lake County Jail, his excessive use of force claim arises under the Fourteenth Amendment. But "[a]n act or practice that violates the eighth amendment also violates the due process rights of pretrial detainees." *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988).

A violation of the Eighth Amendment's Cruel and Unusual Punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294 (1991). A custody officer's use of physical force against an inmate may give rise to an Eighth Amendment claim. *Hudson v. McMillian*, 503 U.S. 1, 4 (1992); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). In evaluating whether a jail official used excessive force, the court is to consider factors such as the need for the application of force, the relationship between the need and the amount of force used, and the extent of injury inflicted. *Whitley v. Albers*, 475 U.S. at 321.

"Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147

F.3d 589, 590 (7th Cir. 1998) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Giving Mr. Smith the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claim against Officers Stozek, Rodriguez, Collins, and Elizondo under the standards set forth in *Hudson v. McMillian*.

For the foregoing reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against defendants Jeffrey Stozek, A. Rodriguez, Mark Collins, and Pedro Elizondo in their personal capacities for damages on his Fourteenth Amendment excessive use of force claim;

(2) Pursuant to 28 U.S.C. § 1915A(b)(1); **DISMISSES** defendant Roy Dominguez;

(3) Pursuant to 42 U.S.C. § 1997e(g)(2), **ORDERS** that defendants Stozek, Rodriguez, Collins, and Elizondo respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(4) **DIRECTS** the marshals service to effect service of process on defendants Stozek, Rodriguez, Collins, and Elizondo on plaintiff's behalf, and **DIRECTS** the clerk's office to ensure that a copy of this order is served on them along with the summons and complaint.

**SO ORDERED.**

Enter: October 4, 2007

s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT