UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| **DERRICK CORDELL SMITH,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. 3:07 CV 368 |
| | ) |
| **ROY DOMINGUEZ,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION and ORDER

Derrick Smith, a prisoner committed to the Indiana Department of Corrections, submitted a complaint under 42 U.S.C. § 1983, alleging violation of his federally protected rights while he was housed at the Lake County Jail. The court screened Smith's complaint pursuant to 28 U.S.C. § 1915A, allowed him to proceed against defendants Jeffrey Stozek, A. Rodriguez, Mark Collins, and Pedro Elizondo in their personal capacities for damages on his excessive use of force claim, and dismissed defendant Roy Dominguez. The defendants have moved for summary judgment, pursuant to FED. R. CIV. P. 56, on the question of whether Smith exhausted his administrative remedies as required by 42 U.S.C. § 1997e(a).

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. *Outlaw v. Newkirk*, 259 F.3d 833, 836-37 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential

> element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

*Celotex v. Catrett*, 477 U.S. 317, 322-23 (1986).

> At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a "genuine" dispute as to those facts. As we have emphasized, when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial." The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

*Scott v. Harris*, 550 U.S. 372, 380 (2007) (citations, quotation marks, ellipsis omitted).

Pursuant to 42 U.S.C. § 1997e(a), prisoners must utilize any available prison grievance procedure before they may file a § 1983 claim regarding conditions of confinement. *Booth v. Churner*, 532 U.S. 731 (2001); *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 537 (7th Cir. 1999). "Exhaustion of administrative remedies, as required by § 1997e, is a condition precedent to suit. § 1997e applies to 'all inmate suits, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Dixon v. Page*, 291 F.3d 485, 488 (7th Cir. 2002) (quoting *Porter v. Nussle*, 534 U.S. 516, 122 (2002)). Although not depriving the courts of subject-matter jurisdiction, the comprehensive administrative exhaustion requirement requires

2

dismissal of any case in which an available administrative remedy has not been exhausted. *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000). Where exhaustion has been raised as a defense, issues relating to exhaustion are to be resolved by the court before proceeding to the merits. *Pavey v. Conley*, 544 F.3d 739, 741 (7th Cir. 2008).

In support of their summary judgment motion, the defendants submit the affidavit of Assistant Jail Warden Christopher McQuillin and a copy of the Lake County Jail Inmate Handbook. The defendants' submissions establish that the Lake County Jail had a grievance procedure in effect while Smith was housed there, and that the claims he presents in his complaint were grievable. Assistant Warden McQuillin states in his affidavit that the jail's records show that:

> Since being incarcerated at the Lake County Jail on July 31, 2006 to November 29, 2007, Derrick Cordell Smith., has never filed a grievance for the time frame of his incarceration on July 31, 2006 to November 29, 2007, nor did he file a formal inmate grievance with the Deputy Warden's Officer, nor did he file an appeal to the Warden or Sheriff as provided for in Section XVI (B) of the *Lake County Jail Inmate Handbook*.

(DE # 51-2, McQuillin Aff. ¶ 10.)

Smith did not submit an affidavit opposing the moving defendants' summary judgment motion, despite the defendants' advisements of the consequences of not filing an affidavit (DE # 52), but he has filed a response containing unsworn statements and he submitted medical records and photographs. Smith concedes in his response that he did not file a grievance, and states that "he was aware of the grievance system that Lake County Jail have, but was not aware of the procedure on how to go about filing" a grievance. (DE # 67-1 ¶ 2.)

3

Smith asserts in his response that he was physically injured on August 11, 2006, "and wasn't unable to exhaust administrative remedies [due] to medical reasons." (DE # 67-1 at 1.) In support of this claim, Smith submits portions of his medical records and three photographs. These materials include a medical progress note showing stitches were taken out on August 18, 2006 (DE # 67-2 at 1), three photographs dated August 11, 2006, showing Smith with a small rectangular bandage on his forehead (DE # 67-2 at 2-4), medical progress notes from August 9, 2006, through August 11, 2006, dealing with minor injuries allegedly inflicted during an alleged escape attempt at the Lake County Jail (DE # 67-2 at 5-6), and a radiology report dated August 15, 2006, because "[p]atient fell five days ago and complains of pain to anterior aspect of right shoulder joint" (DE # 67-2 at 7). These medical records, however, do not suggest that Smith was so seriously injured that he was physically unable to file a grievance and they certainly do not establish his claim that he was physically or mentally incapable of filing a grievance after the incident.

Moreover, even assuming that Smith had some sort of temporary physical problem that might conceivably have prevented him from filing a grievance shortly after the incident, there is no suggestion from the materials before the court that Smith attempted to file a grievance after he recovered his composure, which he was required to do under § 1997e . Had Smith filed a grievance that was denied because it was late, the court would consider whether, under the circumstances, he was prevented by his injuries from filing a timely grievance. But even where a prisoner believes that filing a

4

grievance may be futile he must try because "[n]o one can know whether administrative requests will be futile; the only way to find out is to try."*Perez,* 182 F.3d at 537.

Smith also states that he was placed in segregation after the escape attempt "on August 11, 2006 [and] while detained and segregation at the Lake County Jail, I was unable to file [a] grievance through no fault of mine. Lake County officers made it impossible for me to exhaust my administrative remedies by denying grievance with threats of harming me." (DE # 67-1 ¶ 1.) He also asserts that "[o]n August 11, 2006 Plaintiff Smith, was transport[ed] to [the] Porter County Jail for 'safekeep' and . . . was unable to exhaust administrative remedies because . . . [he] was told by Porter County Warden John J. Widup, that he couldn't file [a] grievance on Lake County Jail, while at [the] Porter County Jail for 'safekeep.'" (*Id.* ¶ 3.)

These statement are not sworn under oath, and therefore are not admissible evidence in a summary judgment determination. Moreover, even if these statements were sworn and the court accepted them as true, they would not defeat the defendants' exhaustion defense because, even if they are true, they do not excuse Smith from filing a grievance after he returned to the Lake County Jail.

Smith suggests that custody officers prevented him from filing a grievance immediately after the incident. "Prison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

5

If custody officers at the jail refused to provide Smith with the materials necessary to file a grievance, thereby permanently preventing him from filing a grievance, that could excuse him from failing to exhaust his administrative remedies.

But even if the court accepted as true that Smith asked for grievance forms right after he was placed in segregation on August 11, 2006, and was refused, he could have simply filed a grievance at a later time. According to Smith's response, he was apparently not in the Lake County Jail segregation unit very long on August 11, 2006, because he states that he was transferred to the Porter County Jail later that day. While Smith's unsworn statement is not sufficient to establish this as a fact, his medical records confirm his transfer by stating "8/11/06 Pt. Transported to Porter County Jail." (DE # 67-2 at 6.) It is unclear how long Smith was at the Porter County Jail, but the record before the court suggests that he returned to the Lake County Jail on or before August 15, 2006, because the radiology report dated August 15, 2006, shows Smith as being at the Lake County Jail. (DE # 67-2 at 7.)

Even accepting Smith's unsworn hearsay statement that a Porter County Jail official told him that he couldn't file a grievance against the Lake County Jail while he was at the Porter County Jail, that would only excuse him from filing a grievance for the few days he was at the Porter County Jail. Smith does not suggest that he attempted to file a grievance after he returned to Lake County Jail, which he was required to do under § 1997e. Lake County Jail officials might have accepted a late grievance from Smith when he returned because he had been away from the jail since the incident

occurred. The only way to know if Lake County Jail officials would have accepted Smith's grievance after he returned to the jail was for him to submit a grievance to them.

Because defendants met their initial obligation under FED. R. CIV. P. 56, the burden fell upon Smith to come forth with evidence sufficient that, if viewed as fully in his favor as reasonable, would allow a fact finder to decide in his favor the question of whether he exhausted his administrative remedies on his claim that Officers Rodriguez, Collins, and Elizondo used excessive force when thwarting his escape attempt. *Celotex*, 477 U.S. at 317. Although in docket #52, the defendants provided Smith with an extensive warning, pursuant to *Kincaid v. Vail,* 969 F.2d 594 (7th Cir. 1992), *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992), *cert. denied,* 504 U.S. 957 (1992), and *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir. 1982), of the consequences of not submitting an affidavit stating facts opposing their dispositive motion, Smith has not submitted an affidavit or other admissible evidence that establishes that he filed a grievance or that he was unable to file a grievance. Because he has not come forth with admissible evidence that he grieved the allegedly excessive use of force against him by the defendants on August 11, 2006, after he was apprehended during an escape attempt, or that he could not file a grievance, or that jail officials prevented him from filing a grievance, he has not met his burden of coming forth with evidence which, if viewed reasonably in his favor, would allow the court to decide the question of exhaustion of administrative remedies in his favor.

For the foregoing reasons, the court **GRANTS** defendants' motion for summary judgment (DE # 50), and directs the Clerk to **ENTER FINAL JUDGMENT** stating:

> Judgment is entered in favor of defendants Jeffrey Stozek, A. Rodriguez, Mark Collins, Pedro Elizondo, and Roy Dominguez, and against plaintiff Derrick Cordell Smith, who shall take nothing by way of his complaint.

**SO ORDERED.**

Date: February 17, 2010

        s/James T. Moody
        JUDGE JAMES T. MOODY
        UNITED STATES DISTRICT COURT